# Exhibit "D"

# DECLARATION OF TROY B. FRODERMAN

Pursuant to Rule 65(b)(1(B) of the Federal Rules of Civil Procedure, Troy B. Froderman, Esq., certifies as follows:

1. I am over the age of 18, competent to make this Declaration, and have personal knowledge of the facts stated in this Declaration.

2. I am counsel for Plaintiff in this litigation.

3. Plaintiff has applied for a Temporary Restraining Order (without notice) and Request for Issuance of Order to Show Cause Why a Preliminary Injunction Should Not be Issued.

4. Plaintiff is seeking this relief "without notice" due to time constraints that may prevent Plaintiff from timely notifying Defendants of the request and in consideration of the immediate and irreparable harm that will occur in the event that relief is not granted.

5. The United States Forest Service issued a notice that it planned to capture and remove horses from the Apache National Forest that they refer to as "unauthorized livestock". The date or timeframe of the removal was not provided in the notice.

6. Plaintiff file a Complaint for Declaratory relief on June 28, 2022 alleging that the Forest Service's planned horse capture and removal was in violation of several federal laws.

7. Defendant Judy Palmer, the acting U.S. Forest Supervisor was personally served with the Complaint on July 6, 2022; the U.S. Department of Agriculture was served on June 30, 2022.

8. On July 8, 2022 the U.S. Forest Service released a notice of the impending sale of the unauthorized livestock it had removed from the Apache National Forest. The sale is scheduled to take place on July 14, 20, and 21, 2022.

9. Upon information and belief, these are the horses that are at issue in Plaintiff's Complaint.

10. On July 11, 2022, Plaintiff filed a Verified First Amended Complaint seeking additional relief including injunctive relief and writ of mandamus.

11. On July 12, 2022, Plaintiff filed the attached Application for Temporary Restraining Order and other relief.

12. Given the immediacy of the impending sale, I do not know whether it will be possible to effectuate timely formal service.

13. I do not know whether Defendants have engaged the services of counsel at this time, and if they have, I am unaware of their identity.

14. Prior to filing this Application, my office did make an attempt at informal notice. On July 11, 2022, prior to the filing of this Application, I am aware that Rita M. Gara, an attorney with my law office, FR Law Group, PLLC, called the office of U.S. Supervisor Judy Palmer. I am further aware that Ms. Gara left a voicemail message indicating our intent to file this Application, she requested attorney information if available, and provided our firm's phone number as well as her email address, offering to forward a copy of the Application.

/ / /

15. Further attempts at notice will be made, including the immediate forwarding of the Application and its attendant documents to a process server in an attempt to provide formal service as soon as possible.

16. As of the filing of this Application, I cannot guarantee that notice will be effectuated, however in light of the circumstances, I believe notice should not be required.

17. As set forth in the Verified First Amended Complaint and the Application, and incorporated herein, Defendants have wrongfully initiated the capture and removal of horses from the Apache National Forest.

18. Defendants have failed to follow the provisions required under the National Environmental Policy Act prior to commencing this federal action, improperly relying on a categorical exclusion to excuse the failure.

19. Defendants have failed to comply with the provisions of the Wild Free-Roaming Horses and Burros Act of 1971, specifically failing to survey, inventory, or manage the Wild Free-Roaming horses that have existed for decades on the Apache National Forest.

20. Defendants' failures now endanger the lives of the captured horses, as they face permanent removal from their home and potential slaughter without the benefit of the laws created to protect and preserve them.

21. Relief should be granted, even absent notice, as good faith efforts have been attempted and will continue to be attempted, Defendants were served with the original Complaint alleging federal law violations prior to their announcement of the sale dates, and most importantly, irreparable harm will be done absent the relief. If the sale is allowed to

proceed, Plaintiff will have no meaningful remedy as the horses will have been removed from the Apache National Forest permanently.

16. Based on the foregoing, and the entire record in this action, I certify in good faith that notice pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure should not be required.

EXECUTED on this 12th day of July, 2022.

FR LAW GROUP PLLC

By: /s/ Troy B. Froderman
Troy B. Froderman, Esq.
*Attorney for Plaintiff*

4