**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| International Society for the Protection of Mustangs and Burros,<br><br>    Plaintiff,<br><br>vs.<br><br>United States Department of Agriculture, et al.,<br><br>    Defendants. | No. CV-22-08114-PCT-SPL<br><br>**ORDER** |

Before the Court is Plaintiff International Society for the Protection of Mustangs and Burros' ("Plaintiff") Motion for Temporary Restraining Order[1] (Doc. 13). Plaintiff alleges that Defendants have captured and impounded certain horses found on the Apache National Forest. Plaintiff asserts that Defendants plan to hold a public sale of the horses and seeks a temporary restraining order ("TRO") enjoining Defendants from doing so.

**I.      BACKGROUND**

On June 28, 2022, Plaintiff filed a Complaint (Doc. 1), seeking declaratory relief as it relates to the United States Forest Service's alleged capture, removal, and impending sale of horses found on Apache National Forest land.[2] On July 12, 2022, Plaintiff filed this

---

[1] In its request, Plaintiff asks that Defendants be called to show cause why a preliminary injunction should not issue. This improperly shifts the burden for seeking an injunction, which resides with the moving party. Therefore, for purposes of this motion, the Court has treated Plaintiff's Motion for TRO as a Motion for Preliminary Injunction because the standard is the same for each.

[2] Plaintiff has since filed an Amended Complaint (Doc. 11).

Motion requesting the issuance of a TRO preventing Defendants from selling the horses. (Doc. 13 at 1–2). According to Plaintiff, the horses are not "unauthorized livestock"—as Defendants claim—but rather wild, free-roaming horses that are federally protected. (*Id.* at 2). Plaintiff asserts that their removal and sale violates the National Environmental Policy Act, the Wild Free-Roaming Horses and Burros Act of 1971, and the Administrative Procedures Act. (*Id.* at 5). The sale of the horses is currently scheduled for July 14, 20, and 21, 2022. (*Id.* at 1).

## II.  LEGAL STANDARD AND DISCUSSION

A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis omitted)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[3] *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839, n.7; *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105–06 (9th Cir. 2012). Where a movant seeks a mandatory—rather than a prohibitory—injunction, the request for injunctive relief is "subject to a heightened

---

[3] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).[4]

Plaintiff's allegations that Defendants plan to sell the horses as soon as July 14, 2022 leads the Court to find that Plaintiff is likely to suffer irreparable harm in the absence of a TRO pending a hearing on the merits of a preliminary injunction. If Plaintiff's allegations are taken as true, the captured horses are not "unauthorized livestock" that are subject to capture and sale by the federal government, but rather they are wild, free-roaming horses that are protected by several federal laws and that should remain in the Apache National Forest. If a TRO is not issued, the horses would be sold and permanently removed from their Apache National Forest habitat before any determination could be made as to whether they are "unauthorized livestock" or if they are instead federally protected, wild, free-roaming horses. The allegations in Plaintiff's verified complaint demonstrate that Plaintiff has a strong likelihood of success on the merits of its claims under the National Environmental Policy Act, the Wild Free-Roaming Horses and Burros Act of 1971, and the Administrative Procedures Act. The allegations in Plaintiff's verified complaint also demonstrate that the balance of the equities in this case clearly tips in favor of maintaining the status quo. In the absence of a TRO, the horses could be sold and there would be no recourse or meaningful remedy for Plaintiff, even if it is later determined—at the preliminary injunction hearing or during litigation—that the horses are federally protected, wild, free-roaming horses. Conversely, Defendants would not face any obvious hardship if a TRO were issued because the sale of the horses could always be held at a later date if it is determined that the horses are indeed "unauthorized livestock." Finally, the Court finds that a TRO would protect the public interest by maintaining the status quo until a

---

[4] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

preliminary injunction hearing can be held.

The Court finds that Plaintiff has sufficiently met all four prongs that are required for a TRO to issue. However, Plaintiff requests that the TRO issue *without notice*, which creates an additional level of analysis for the Court. Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a TRO *may* be entered "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b). A TRO may issue, *ex parte*, only where there are: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, Plaintiff has met both requirements. As to the first, Plaintiff attaches a verified complaint (Doc. 13-1 at 2–22) to the Motion that—as discussed above—clearly shows that immediate and irreparable harm will result as soon as July 14, 2022, which is before Defendants could be heard in opposition. As to the second requirement, Plaintiff's counsel submitted a Declaration (Doc. 13-4 at 2–5) in which he certifies that he is unsure whether it will be possible to effectuate timely formal service given "the immediacy of the impending sale." (*Id.* at 3). He asserts that his office "did make an attempt at informal notice" when attorney Rita M. Gara called Defendant Judy Palmer on July 11, 2022 and left a voicemail message. (*Id.*). Moreover, Plaintiff's counsel asserts that "[f]urther attempts at notice will be made, including the immediate forwarding of the Application and its attendant documents to a process server in an attempt to provide formal service as soon as possible." (*Id.* at 4). All told, the Court is satisfied that Plaintiff has complied with Rule 65(b)'s requirements for an *ex parte* TRO.

Accordingly,

**IT IS ORDERED**:

1. **TRO**: That Plaintiff's Motion for Temporary Restraining Order (Doc. 13) is **granted** to the extent Plaintiff seeks a TRO enjoining the sale of the horses. Plaintiff's Motion for Temporary Restraining Order (Doc. 13) is **denied** to the extent Plaintiff seeks

an Order to Show Cause why a preliminary injunction should not be issued. Defendants United States Department of Agriculture, Tom Vilsack, United States Forest Service, and Judy Palmer—as well as their officers, agents, servants, employees, attorneys, and any person acting in concert or participation with them or acting at their direction or control, directly or indirectly—are **prohibited from selling**, until further order of this Court, any of the unclaimed, unbranded horses captured and removed from the Apache National Forest and scheduled for sale on July 14, 20, and 21, 2022.

2. **Service**: That, no later than close of business on **July 13, 2022**, Plaintiff must serve a copy on Defendants and file proof of service with the Court of the following: (1) the Complaint; (2) the Motion for TRO and attachments; and (3) this Order.

3. **Hearing**: That a Preliminary Injunction Hearing is set for **July 22, 2022 at 1:30 p.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

4. **Briefing**: That Defendants shall have until the close of business on **July 18, 2022** to file any Response to Plaintiff's Motion; Plaintiff shall have until the close of business on **July 20, 2022** to file any Reply in support of their Motion.

5. **Joint Notice**: That the parties shall file a Joint Notice by **July 15, 2022**, indicating whether the motion may be decided on the briefing and argument of counsel alone.

6. **Proposed Injunction**: That Plaintiff shall submit a proposed form of preliminary injunction no later than **July 18, 2022**.

///
///
///
///
///
///

5

7. **Warning**: That if Defendants do not respond to the Motion for a TRO/Preliminary Injunction or fail to appear at the above-scheduled hearing, the Court will deem such failure as consent to granting the motion, *see* LRCiv 7.2(i).

Dated this 12th day of July, 2022.

Honorable Steven P. Logan
United States District Judge