**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

International Society for the Protection
of Mustangs and Burros,

              Plaintiff,

vs.

United States Department of
Agriculture, et al.,

              Defendants.

No.  CV-22-08114-PHX-SPL

**ORDER**

       Before the Court is Plaintiff International Society for the Protection of Mustangs and Burros' ("Plaintiff" or "ISPMB") Motion for Reconsideration (Doc. 38) in which Plaintiff requests that this Court grant relief, pursuant to Federal Rule of Civil Procedure 60(b)(2), from its July 28, 2022 Order (Doc. 36) denying Plaintiff's request for a preliminary injunction. Plaintiff attaches the Declaration of Gary Slaughter as new evidence that horses existed on the Apache National Forest ("ANF") in 1971. (Doc. 38-2). Plaintiff asks the Court to consider Mr. Slaughter's Declaration and whether it would have altered the Court's decision to deny injunctive relief. (Doc. 38 at 4).

       As an initial matter, Defendants correctly point out in their Response (Doc. 40) that Plaintiff's reliance on Rule 60(b)(2) is misplaced. Rule 60(b) provides grounds for relief from a *final* judgment; the Ninth Circuit has specifically held that "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880

(9th Cir. 2000) (citing Fed. R. Civ. P. 60(b)). Regardless, the Court "has discretion to reconsider and vacate a prior order," *Reddy Ice Corp. v. Schur Mktg. & Techs. U.S.A. Inc.*, No. CV 09-1670-PHX-SRB, 2010 WL 11515548, at *1 (D. Ariz. July 14, 2010) (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994)), and the Court will simply construe Plaintiff's Motion as requesting the Court to exercise such discretion in this case. That said, "[m]otions for reconsideration are generally disfavored . . . and should be granted only in rare circumstances." *Id.* (citation omitted). "Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law." *Id.* (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LRCiv. 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

On July 28, 2022, this Court entered an Order (Doc. 36) denying Plaintiff's request for a preliminary injunction that would have enjoined Defendants from selling certain horses captured on the ANF and from capturing, selling, or otherwise removing any other horses currently found on the ANF. (Doc. 36 at 24). The Court reasoned that Plaintiff had failed to show a likelihood of success on the merits of any of its four claims for relief, which included violations of the National Environmental Policy Act ("NEPA") and the Wild Free-Roaming Horses and Burros Act of 1971 ("WHA"). (*Id.*). A primary issue with Plaintiff's argument was Plaintiff's lack of meaningful evidence showing that horses existed on the ANF when the WHA passed in 1971 and that the horses-at-issue here are descendants of such horses and are therefore entitled to WHA protection. (*Id.* at 15–17). Now, Plaintiff offers the Declaration of Mr. Slaughter, a man who was born in 1945 and who spent a substantial portion of his young life in and around the relevant areas of the ANF. (Doc. 38-2 at 3). According to Mr. Slaughter's Declaration, he "observed many wild horses" on the land from 1960 through 1972, and "[t]hese horses were unbranded and

unclaimed horses." (*Id.*). Defendants first argue that Mr. Slaughter's Declaration does not constitute "newly discovered" evidence because it "could have been discovered with reasonable diligence well before the time that Plaintiff had filed its motion for emergency injunctive relief." (Doc. 40 at 4). Defendants additionally argue that, even if Mr. Slaughter's Declaration *was* "newly discovered," the evidence is not so substantial as to demand a different outcome. (*Id.* at 6–7). In other words, even if the evidence was considered, it would not have made a difference. The Court agrees.

The Court need not resolve the issues surrounding Mr. Slaughter's Declaration[1] because even taking Mr. Slaughter's testimony into account, the evidence is not so significant as to demand a different outcome with respect to this Court's denial of injunctive relief. Mr. Slaughter merely asserts that he saw wild horses in the 1960's and early 1970's. Not only is this just the account of a single person, but it is also unclear whether Mr. Slaughter's use of the term "wild horses" is even consistent with the WHA's definition of that term. Moreover, Defendants point to a 1997 statement from Mr. Slaughter in which he was quoted as using the term "wild" in reference to unauthorized livestock. This additionally undermines the credibility of Mr. Slaughter's Declaration. In sum, Plaintiff has failed to show the existence of new evidence that was reasonably not discoverable prior to the initial motion for injunctive relief and that would have changed this Court's decision on the matter.

///

///

---

[1] On August 18, 2022, Plaintiff's counsel Rita M. Gara filed a Declaration explaining that Mr. Slaughter's daughter, Jennifer, was apparently very upset with Plaintiff's counsel obtaining the Declaration from Mr. Slaughter. (Doc. 41). Ms. Gara's Declaration further states that she received an email from Jennifer with an attached letter— signed by Mr. Slaughter—asking that Ms. Gara "revoke and remove [Mr. Slaughter's] declaration" and that "Mr. Slaughter did not understand the nature of the declaration and was under duress when he signed it." (*Id.* at 4). Ms. Gara has since reached out to the Slaughters seeking clarification but has been unable to reach them; Plaintiff's counsel has *not* asked this Court to strike Mr. Slaughter's Declaration, despite the issues raised by Jennifer and Mr. Slaughter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 38) is **denied**.

Dated this 22nd day of August, 2022.

Honorable Steven P. Logan
United States District Judge